UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:17-cv-00461-DBH |
| FOOD EXPRESS USA, et al., | ) ) ) | |
| Defendants | ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff Frank Inman, who at the time he filed the complaint was detained at the Penobscot County Jail, alleges Defendant Food Express USA, of Rancho Dominguez, California, misrepresented one of its products.

Plaintiff filed an account activity ledger and certificate of prisoner's account, which documents suggest that Plaintiff would qualify to proceed in forma pauperis. (ECF No. 2.) Although Plaintiff has not filed an application to proceed in forma pauperis, the Court construes Plaintiff's filing to be a request for in forma pauperis status and grants Plaintiff leave to proceed without prepayment of the filing fee.

In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of the complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the

defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff alleges that he purchased a bottle of Defendant's cocoa butter lotion and thereafter discovered that the product is not cocoa butter. (Complaint, ECF No. 1.) Plaintiff evidently asserts that the advertising on the packaging is false or misleading. Plaintiff alleges he would not have purchased the product had he known it was not as represented.

**DISCUSSION**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has not asserted a claim based on the United States Constitution,

a federal statute, or a federal treaty.[1] Plaintiff has thus failed to assert a claim within the Court's federal question jurisdiction.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Although Plaintiff's citizenship is apparently diverse from that of Defendant, even if Plaintiff's complaint could be construed to assert a state law claim, Plaintiff has not alleged a claim where the amount in controversy exceeds $75,000. In fact, in his complaint, Plaintiff specifically asserts that he seeks a monetary award of $10,000. Accordingly, Plaintiff has not alleged a claim within the Court's diversity jurisdiction.

In short, Plaintiff has not asserted a claim within the Court's subject matter jurisdiction. Dismissal of the complaint, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

---

[1] Although the Lanham Act, a federal statute, prohibits false advertising, the Lanham Act does not provide a cause of action to consumers, but rather to entities engaged in commerce for harm caused by a competitor's false advertisement. *Lexmark Int'l*, *Inc. v. Static Control Components*, *Inc.*, 134 S. Ct. 1377, 1390 (2014) (holding "that to come within the zone of interests in a suit for false advertising under [15 U.S.C.] § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales," observing that "[a] consumer … hoodwinked into purchasing a disappointing product … cannot invoke the protection of the Lanham Act").

4

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of December, 2017.